IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00335-CBS

WOOD GROUP PSN, INC., a Nevada corporation,

    Plaintiff,

v.

BRANDON STEPHENS,
STUART GOBLE, and
STC ENTERPRISES LLC, a Colorado limited liability company,

    Defendants.

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is entered into between Plaintiff Wood Group PSN, Inc. and Defendants Brandon Stephens, Stuart Goble, and STC Enterprises LLC (collectively, the "Parties").

It is hereby stipulated and agreed, by and among the Parties, through their respective counsel, that the following conditions shall govern the production or disclosure of all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, documents produced, and information derived directly therefrom claimed to be Confidential Information as defined below.

    1.    "Confidential Information" means any proprietary or confidential documentation and information containing personal or sensitive information of the

supplying party that the party providing the documentation and information designates as "Confidential" in connection with this action that falls within one or more of the following categories: (a) information that reveals trade secrets; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) personal identity information; (d) income tax returns (including attached schedules and forms such as W-2 forms); (e) personnel or employment records; (f) documents that reveal commercial, financial, or personal identity information about persons who are not parties to the case; or (g) other proprietary, confidential or sensitive information. Information or documents that are available to the public may not be designated as Confidential Information.

2. In designating information or items as Confidential Information, the producing party shall make such designation only as to that information that it in good faith believes to be Confidential Information.

3. The Parties shall designate Confidential Information by marking any documents containing such information with the words "Confidential" at the time the document is produced or disclosed, or by notifying the other party in writing that such classification pertains to specific documents. An inadvertent failure to designate a document as Confidential Information at the time of production or disclosure does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by paragraph 5(a) of this Protective Order, even if inadvertent, waives any protection for

deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

4. Confidential Information may be disclosed as follows:

Any information designated as "Confidential" may be disclosed solely to the following persons:

    (i) The Parties and/or their employees but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (ii) Counsel of record in this action, and the attorneys and employees in the respective law firms of such counsel who have responsibility for the action;

    (iii) Consultants, experts, and other witnesses, including outside technical consultants, investigators, or experts and their support staff, who are assisting or providing information to counsel and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, consulting with, or providing information with respect to the matters at issue in this action, provided, however, that (1) such person is not regularly engaged in any activity that places him or her in competition with the products or services provided by the producing party; and (2) such person has signed a Consent to be Bound, attached hereto as **Exhibit 1**, prior to viewing

or hearing any such Confidential Information. Counsel shall retain all original executed Consent to be Bound forms for their respective party. Consultants and experts do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

    (iv)  The Court and its personnel and court reporters, as to whom it is necessary to disclose the Confidential Information for the purpose of adducing testimony in this action;

    (v)  The author or recipient of the document; and

    (vi)  Any other person as to whom the producing party agrees to in writing.

  5.  In the case of depositions:

    (a)  If during a deposition counsel for any party believes that a question or answer constitutes "Confidential" information, counsel may designate such portions of the transcript as "Confidential" on the record at the deposition and may request that the specific pages which include such "Confidential" information be included in a separate sealed portion of the transcript. When "Confidential" testimony is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition.

    (b)  A party may, in a deposition in this action, show a witness any "Confidential" information that the witness is reasonably believed to have previously authored, received or seen. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential

Information pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

6. Persons having knowledge of Confidential Information by virtue of their participation in this action shall use that Confidential Information for purposes of this action only and not for any other purpose, and shall not disclose such Confidential Information to any person or entity. However, nothing shall prevent disclosure beyond the terms of this Protective Order if a party is legally obligated to disclose such information by court order. Nothing in this Protective Order shall prevent any producing party from itself voluntarily disclosing its own Confidential Information to any person, except as otherwise required by law, by court order, or otherwise as required by law or lawful regulations.

7. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information is obligated within twenty-four (24) hours to advise all other parties to this Protective Order in writing of such subpoena or other notice. Except as otherwise required by law, the party served with the subpoena or other notice shall not produce the Confidential Information until the later of ten (10) business days after advising the other parties to this Protective Order in writing of the subpoena or other notice, or (b) resolution of any application for court relief made with respect to that subpoena or notice. Such writing must be sent by facsimile and overnight mail to the following:

| | |
|---|---|
| If to Plaintiff: | N. Reid Neureiter<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO  80202-5647<br>Telephone:  (303) 244-1800 |
| If to Defendants: | Brian T. Moore<br>Jester Gibson & Moore LLP<br>1999 Broadway, Suite 3225<br>Denver, CO 80202<br>Telephone:  (303) 377-7888<br>*Counsel for Brandon Stephens and STC Enterprises LLC* |
| | Richard F. Ensor<br>Michael Best and Friedrich, LLP<br>6995 Union Park Center, Suite 100<br>Salt Lake City, UT 84047<br>Telephone:  (801) 833-0506<br>*Counsel for Stuart Goble* |

The party or parties to this Protective Order that produced the Confidential Information may object to the production of the Confidential Information in response to the subpoena or other notice.

8. The Parties shall take reasonable and necessary steps to maintain the security of any Confidential Information designated as "Confidential" and will limit access to the Confidential Information only to those persons listed in paragraph 4 of this Protective Order, provided, however, that nothing in this Protective Order shall restrict the ability of any producing party, including his/her employees, partners, agents, attorneys, or any third party not subject to this Protective Order to whom the producing party may disclose Confidential Information, to use Confidential Information which the producing party has supplied in this action, except as otherwise required by law.

9. The inadvertent or unintentional disclosure of privileged or Confidential Information by the producing party shall not be deemed as a waiver, in whole or in part, of the producing party's claim of privilege or confidentiality, either as to the specified information disclosed or as to any other information relating thereto. Upon receiving notice from the producing party that materials have been inadvertently produced, they shall be promptly returned to the producing party.

10. Except as agreed in writing by counsel of record for the Parties, to the extent that any Confidential Information is quoted, attached to any pleading, motion, memoranda, appendix or other filing in connection with this action, admitted into evidence or referenced in sufficient detail to disclose Confidential Information, the same shall be maintained and shall be designated and treated as Confidential Information subject to this Protective Order and such Confidential Information must be filed under seal in compliance with D.C.COLO.LCivR 7.2.

11. If Confidential Information is used during the trial of this action or during depositions, such Confidential Information shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect the confidentiality of the Confidential Information, except as provided in paragraph 14 herein.

12. Nothing herein shall prevent any of the Parties from objecting to discovery that they believe to be otherwise improper or shall be construed to affect in any manner the admissibility at the hearing of any document, testimony or other evidence. Nothing

herein shall restrict the use of any evidence at the trial of this action, whether or not it contains information designated as Confidential.

13. Upon the conclusion of this action, at the written request of the producing party, all Confidential Information and any and all copies thereof, shall be destroyed, deleted from all electronic and digital storage media and servers, or returned within sixty (60) days to such producing party, in accordance with the producing party's request. At the written request of the producing party, any person or entity having custody or control of recordings, notes, photographs, memoranda, summaries or other writings, and all copies thereof, relating to or containing Confidential Information shall deliver to the producing party a certification that reasonable efforts have been made to assure that all such Confidential Information, any copies thereof, any and all records, notes, memoranda, photographs, summaries, or other writings regarding the Confidential Information (except for attorney work-product) have been destroyed, deleted in the case of digital and electronic information, or delivered in accordance with the terms of this Protective Order. Notwithstanding the above requirements to return or destroy documents, counsel may retain for its files one full set of copies of pleadings, affidavits, briefs and memoranda filed in this action, including those filed under seal; one set of transcripts of all depositions (with exhibits) taken, and all of its own work product generated in connection with this action. Insofar as this Protective Order restricts the use of Confidential Information, this Protective Order shall continue to be binding after the conclusion of this action.

14.     In the event that any party to this action disagrees with the designation by the producing party of any information as Confidential Information, a party shall not be obligated to challenge the propriety of the confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge thereof.  A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

15.     The Parties acknowledge and agree that an intentional violation of this Protective Order by any party hereto may not be fully compensable by money damages,

and therefore, violations of this Protective Order shall be enforceable by specific performance and/or injunctive relief.

16.     Nothing in this Protective Order shall foreclose or limit any of the Parties from opposing the production of any documents, the taking of any testimony, or the discovery of any information.

17.     The terms of this Protective Order may be amended or modified by written agreement of the Parties and order of the Court.

18.     This Protective Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

DATED at Denver, Colorado, this 22nd day of April, 2016.

                                                                          BY THE COURT:

                                                                         _s/ Craig B. Shaffer_____
                                                                          United States Magistrate Judge

APPROVED:

Dated: April 20, 2016

| | |
|---|---|
| *s/ N. Reid Neureiter* | *s/ Brian T. Moore* |
| N. Reid Neureiter | Brian T. Moore |
| Kimberly Berve | Jester Gibson & Moore LLP |
| Wheeler Trigg O'Donnell LLP | 1999 Broadway, Suite 3225 |
| 370 Seventeenth Street, Suite 4500 | Denver, CO 80202 |
| Denver, CO 80202-5647 | Telephone: (303) 377-7888 |
| Telephone: 303.244.1800 | Email: bmoore@jgllp.com |
| Facsimile: 303.244.1879 | |
| Email: neureiter@wtotrial.com | |
| berve@wtotrial.com | |
| | |
| *Attorneys for Plaintiff* | *Attorney for Brandon Stephens and STC Enterprises LLC* |
| | |
| | *s/ Richard F. Ensor* |
| | Richard F. Ensor |
| | Michael Best and Friedrich, LLP |
| | 6995 Union Park Center, Suite 100 |
| | Salt Lake City, Utah 84047 |
| | Telephone: (801) 833-0506 |
| | Email: rfensor@michaelbest.com |
| | |
| | *Attorney for Defendant Stuart Goble* |

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00335-REB-CBS

WOOD GROUP PSN, INC., a Nevada corporation,

        Plaintiff,

v.

BRANDON STEPHENS,
STUART GOBLE, and
STC ENTERPRISES LLC, a Colorado limited liability company,

        Defendants.

**CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

The undersigned hereby certifies that she or he has read the Protective Order in this action and agrees to be bound by it and that he or she voluntarily submits to the personal jurisdiction of the United States District Court for the District of Colorado for purposes of the enforcement of the above-specified Protective Order and the imposition of any sanctions for contempt thereof by the undersigned.

Date: _____      _____
                                                                         Signature

Name: _____

Company: _____

Address: _____